UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 5, 2013

John R. Marcello, Jr.
711 Linwood Avenue
Bel Air, MD 21014

Craig B. Ormson, Esquire
Special Assistant United States Attorney
6401 Security Boulevard, Room 617
Baltimore, MD 21235

      RE: *John Marcello, Jr. v. Commissioner, Social Security,*
            Civil No. SAG-13-0855

Dear Mr. Marcello and Counsel:

    This case has been assigned to me by consent of the parties. [ECF Nos. 7, 8]. I have reviewed the Commissioner's Motion to Dismiss [ECF No. 12] and Mr. Marcello's Opposition and Motion for Extension of Time [ECF No. 14]. For the reasons set forth below, the Commissioner's motion is GRANTED, Mr. Marcello's motion is DENIED, and the complaint is DISMISSED.

    On January 9, 2013, the Appeals Counsel mailed Mr. Marcello notice of its decision denying his request for review of an adverse decision from an Administrative Law Judge. Jones Decl. ¶ 3(a) and Ex. 2. That notice also advised Mr. Marcello of his right to commence a civil action within 60 days from receipt of the notice. *Id.,* 42 U.S.C. 405(g) and (h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. 404.901, 422,210(c). Mr. Marcello has not alleged that he received the notice outside of the statutory time period. Mr. Marcello therefore had to file a civil action on or before March 15, 2013. Instead, Mr. Marcello filed his complaint on March 21, 2013, six days after the deadline. [ECF No. 1].

    Although Mr. Marcello is *pro se*, he argues, in effect, that circumstances justify equitable tolling of the statute of limitations. He contends that his mental health conditions render him susceptible to exhaustion and make it difficult for him to track and comply with deadlines. Pl. Mot. at 1. Although Mr. Marcello's explanation is a reasonable one, it does not justify equitable tolling. "Because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to

conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service,* 223 F.3d 275, 280 (4th Cir. 2000). Mr. Marcello has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner. As a result, equitable tolling is not warranted, and the Commissioner's Motion to Dismiss must be granted. Mr. Marcello's motion, in which he seeks an extension of time to file a motion for summary judgment, must accordingly be denied.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge